Laws 1741, ch. 24, sec. 48, erects a court for the trial of slaves, composed of three or more justices of the peace and four freeholders, and empowers and requires them to take for evidence the confessions of the offender, the oath of one or more credible witnesses, or such testimony of negroes, mulattoes or Indians, bond or free, with pregnant circumstances, as to them shall seem convincing, without the solemnity of a jury. As long as this court remained, under any modification, the testimony prescribed by the act remained with it. But when the trial of slaves was transferred, first to the County Court, by the act of 1793, and then to the Superior Court, by the act of 1816, courts proceeding *Page 235 
by known and established rules of evidence, the evidence prescribed to the court established by the act of 1741 was not transferred with the jurisdiction, but the rules established in the court to which cognizance of the offense was transferred or given became the rule of decision; and it is not at all like the case of treason or perjury, to which it was attempted to liken it, for in them the rules of evidence are attached to the offense, and will follow its trial to any court; but the rule prescribed to the court established by the act of 1741 is attached to the court and is confined to trials in that court, or to a court modified from that. I lay no stress on the words in the act of 1816, "rules, regulations and restrictions"; it is most probable they relate only to the form of the trial; nor shall I search for reasons which might have induced the Legislature to require pregnant circumstances in one court and not in the other; or why, by the act of 1802, to punish slaves for conspiring to rebel or make insurrection, or to commit murder, again prescribes the same rules as to the evidence, and particularly that the testimony of one negro or person of color shall not be deemed conclusive or sufficient to convict, (439) without pregnant circumstances, thereby strongly implying that it was considered that the rule of evidence prescribed to the court established by the act of 1741 was no longer in force; but I know in practice the same thing is often, for greater caution, re-enacted. I think this case is clear, upon the grounds that the rule as to pregnant circumstances was prescribed to another court than the one before which this slave was tried; that the latter court was in existence before the transfer of cognizance; that at the time of the transfer it had rules of its own, including the rules of evidence by which it ascertained the disputed facts; that by the act of 1777 negroes, Indians and mulattoes are declared to be competent witnesses against each other, without calling in the aid of legislative intention arising from other acts. I can see no error in the judge's charge, and no grounds for a new trial. Let the rule be discharged.